**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| GARDNER DENVER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-cv-3040 |
| | ) | |
| DISTRICT LODGE NO. 9 | ) | |
| LOCAL LODGE 822, | ) | |
| INTERNATIONAL | ) | |
| ASSOCIATION OF | ) | |
| MACHINISTS AND | ) | |
| AEROSPACE WORKERS, | ) | |
| | ) | |
| Defendant, | ) | |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant District Lodge No. 9 Local Lodge 822, International Association of Machinists and Aerospace Workers' (Union) Motion to Compel Answers to Interrogatories and Respond to Request for Production of Documents (d/e 31) (Motion). For the reasons set forth below, the Motion is denied with leave to refile after the District Court resolves the pending cross-motions for summary judgment (d/e 15 and d/e 23) (Summary Judgment Motions).

Plaintiff Gardner Denver, Inc. (Gardner Denver) and the Union are parties to a Collective Bargaining Agreement (CBA).  The CBA provided that effective October 1, 1991, Gardner Denver would not provide medical insurance coverage at retirement for any employee who was 49 years of age or less at the end of the calendar year 1991.  The CBA further provided that there would be, "No change for those retired prior to October 1, 1991." Complaint (d/e1),¶ 18.  At that time, Gardner Denver paid the cost of health insurance premiums for these retirees.

In October 2012, Gardner Denver sent notices to the approximately 70 retirees who retired before October 1, 1991 (the Retirees), that effective January 1, 2013, Gardner Denver would only pay half the cost of their health insurance coverage, and effective January 1, 2014, Gardner Denver would no longer pay any of the cost of their health insurance coverage . The Retirees would have to pay 100% of the insurance premiums. Complaint, ¶ 16.

The Union filed a grievance to challenge Gardner Denver's action to stop paying for insurance coverage for the Retirees.  Gardner Denver denied the grievance "in part because the retirees are not represented by

the Union and are not covered by the arbitration procedures of the CBA."
<u>Complaint</u> ¶ 19.  The Union sought to take the dispute to arbitration.

On February 12, 2013, Gardner Denver filed this action to seek a declaratory judgment that this dispute is not subject to arbitration.  The Union answered and filed two counterclaims: the first counterclaim sought to compel arbitration (Count One); and the second counterclaim sought injunctive relief and damages for breach of the CBA (Count Two).  The Union filed Count Two in the alternative if the dispute was not arbitrable. <u>Answer and Counterclaim of Defendant (d/e 8)</u>.

On May 24, 2013, the Parties filed a Joint Proposed Scheduling Order (d/e 11).  The parties proposed that discovery would close on December 2, 2013.  The parties anticipated that the case would be resolved on dispositive motions.  The court adopted the parties' proposed schedule. <u>Scheduling Order (d/e 13)</u> ¶ 4.

The parties filed the Summary Judgment Motions on the issue of whether the dispute is subject to arbitration.  Gardner Denver challenged whether the disputes involving the Retirees were arbitrable and whether the Union had standing because the Retirees were not members of the collective bargaining unit and were not represented by the Union. <u>Opposition to Defendant's Motion for Summary Judgment and</u>

Memorandum in Support of Plaintiff's Cross-Motion for Summary Judgment (d/e 24), at 6-12. The Union presented affidavits from two of the Retirees who consented to be represented by the Union. Memorandum in Support of Defendant's Motion for Summary Judgment on Counterclaim Count I (d/e 17), Exhibits 2 and 3, Affidavits of Jesse Stone and Betty Stone. The Union further argued several grounds under which it had standing to bring the grievance and to seek arbitration of the dispute. Memorandum in Support of Defendant's Motion for Summary Judgment on Counterclaim Count I, at 11-19.

The Union also served Gardner Denver with interrogatories and requests to produce documents. Gardner Denver objected on several grounds. Gardner Denver asserted that no discovery was needed for resolution of the declaratory judgment actions. Gardner Denver also asserted that the Union had no standing because the Retirees were not represented by the Union and were not part of the collective bargaining unit. Gardner Denver has further argued that the discovery request was overly broad. Gardner Denver argued that the Union sought information regarding all 70 Retirees, but only represented two of them. Gardner Denver asked the Court to stay discovery until the Summary Judgment Motions were resolved. Opposition to Motion to Compel (d/e 32), at 1-2

The Union responded that Gardner Denver agreed to the discovery schedule.  The Union also argued that the discovery was needed for its claims in Count Two for breach of the CBA.  The Union further argued the stay was inappropriate.  The Union argued that the litigation should be pursued expeditiously because of the advanced age of the Retirees. Motion to Compel Answers to Interrogatories and Respond to Request for Production of Documents (d/e 31), ¶ 10; Reply to Plaintiff's Opposition to Motion to Compel (d/e 33), at 3-5.

ANALYSIS

The court has carefully considered this matter and finds that discovery should be delayed until the Summary Judgment Motions are resolved.  The Motion and the Summary Judgment Motions raise many of the same legal issues regarding the Union's standing and whether the Union's standing is limited to the two Retirees who have consented to the Union's representation.  See Memorandum in Support of Defendant's Motion for Summary Judgment on Counterclaim Count I, at 11-19; Opposition to Defendant's Motion for Summary Judgment and Memorandum in Support of Plaintiff's Cross-Motion for Summary Judgment, at 6-12; Opposition to Motion to Compel, at 1-2; Reply to Plaintiff's Opposition to Motion to Compel, at 3-5. The District Court should

resolve these issues in the first instance to avoid the possibility of inconsistent rulings. The Summary Judgment Motions are fully briefed. Waiting for the District Court's decision should only result in a brief delay. Such a brief delay will not materially harm the Retirees.

The District Court's resolution of the Summary Judgment Motions should also simplify the discovery issues. The District Court could find that the Union was entitled to take the dispute to arbitration, or the District Court could find that the Union lacked standing. Either of these findings would resolve the case and no discovery would be necessary. The District Court could also find that the Union had standing to bring Count Two on behalf of all of the Retirees or only had standing to bring Count Two on behalf of the two Retirees who consented to representation. Resolution of this question may determine the appropriate scope of discovery should the case proceed on Count Two. Waiting for the District Court's decision, therefore, could materially simplify, and perhaps resolve, the discovery issues.

THEREFORE Defendant District Lodge No. 9 Local Lodge 822, International Association of Machinists and Aerospace Workers' Motion to Compel Answers to Interrogatories and Respond to Request for Production of Documents (d/e 31) is DENIED with leave to refile after the District Court resolves the pending Summary Judgment Motions (d/e 15 and d/e 23). In

addition, further discovery is stayed until the Summary Judgment Motions are resolved.

ENTER: May 28, 2014


_____s/ Tom Schanzle-Haskins_____
UNITED STATES MAGISTRATE JUDGE